# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDWARD J. VALE,**

            **Plaintiff,**

**-vs-**                                                      **Case No. 6:06-cv-616-Orl-22KRS**

**INTERNAL REVENUE SERVICE,**
**"MARK EVERSON COMMISSIONER",**

            **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT CAPTION JOINDER OF 3RD PARTY ESSENTIAL TO ACTION (Doc. No. 50)** |
| **FILED:** | **August 11, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

     Plaintiff Edward J. Vale seeks to join the Florida Department of Corrections and several of its employees (collectively the "FDOC") pursuant to Fed. R. Civ. P. 15 ("Rule 15"), the rule governing amendments to pleadings, purportedly as necessary parties. Doc. No. 50. Notwithstanding any right to amend his complaint under Rule 15, Vale's ability to join the FDOC is governed by Fed. R. Civ. P. 19 ("Rule 19") and 20 ("Rule 20"), the rules governing compulsive and permissive joinder, respectively.

Rule 19 requires joinder of a party when, in relevant part, "the court cannot accord complete relief among existing parties" otherwise. Fed. R. Civ. P. 19(a)(1)(A). Vale's initial complaint seeks a refund of federal taxes withheld and names the IRS and its Commissioner as defendants. *See* Doc. No. 1. Vale seeks in his instant motion to join parties who allegedly caused this case to be dismissed, until reinstated on remand from an appeal to the Eleventh Circuit, by failing to "provide Vale with the correct and necessary 6 month inmate account statement" required for his *in forma pauperis* motion. Doc. No. 50, at 2.

The Court can "accord complete relief among existing parties" for the alleged failure to refund tax withholdings without joinder of the FDOC. Fed. R. Civ. P. 19(a)(1)(A). Vale's motion contains no evidence of the FDOC's potential liability for failure to refund tax withholdings, much less a memorandum of law explaining how the Court could not accord complete relief without the FDOC's joinder. Therefore, joinder is not proper under Rule 19.

Rule 20 permits joinder of defendants where, in relevant part, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). Vale fails to satisfy either requirement. His instant motion indicates that any right to relief he may have against the FDOC arises from the alleged failure to provide an inmate account statement. *See* Doc. No. 50, at 2. His initial complaint arises from a separate transaction or occurrence: the allegedly unlawful withholding of a tax refund. *See* Doc. No. 1. Additionally, the questions of law or fact concerning Vale's alleged entitlement to tax refund are entirely distinct from those involved in the relief he seeks

against the FDOC. Vale's motion does not meet the requirements for permissive joinder of defendants in Rule 20.

While Plaintiff Vale is free to bring a separate action against the FDOC for its alleged violations of his rights of due process or access to the courts, *see* Doc. No. 50, for the foregoing reasons joinder of the FDOC to his action against the IRS and its Commissioner is improper.

**DONE** and **ORDERED** in Orlando, Florida on September 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE