# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDWARD J. VALE,**

             **Plaintiff,**

**-vs-**                                                          **Case No. 6:06-cv-616-Orl-22KRS**

**INTERNAL REVENUE SERVICE,**
**"MARK EVERSON COMMISSIONER,",**

             **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR COSTS CURE OR WAIVER OF DEFECTS (Doc. No. 58)** |
| **FILED:** | **September 17, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| | |
|---|---|
| **MOTION:** | **MOTION TO RECEIVE COSTS, FEES AND INTEREST (Doc. No. 60)** |
| **FILED:** | **September 29, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

On May 8, 2006, Plaintiff Edward J. Vale, appearing *pro per,* filed the present complaint against the Internal Revenue Service (IRS) seeking a refund of monies paid to the IRS. Doc. No. 1.

He filed an affidavit of indigency in support of his request to proceed *in forma pauperis*. Doc. No. 3.

Because Vale is incarcerated, the Court required him to file a computer printout of funds in his prisoner account for six months preceding the filing of the complaint. Doc. Nos. 4, 5; *see also* 28 U.S.C. § 1915(d); M.D. Fla. L.R. 4.07(a). The initial account statement filed by Vale showed funds received into his prisoner account from May 7, 2006 through July 31, 2006. Doc. No. 7. Because this statement did not provide the necessary information for the six-month period before the complaint was filed, the Court required Vale to pay the full filing fee or submit additional account statements. Doc. No. 8. When Vale neither paid the full filing fee nor timely submitted the additional account statements, the case was dismissed. Doc. No. 19.

Belatedly, Vale provided an additional account statement for the period November 22, 2005, through May 30, 2006. Doc. No. 23-2 at 4-6. On appeal of the dismissal and denial of his motion to reopen the case, the United States Court of Appeals for the Eleventh Circuit found that Vale should have been permitted to proceed *in forma pauperis*. Doc. No. 51. The Court taxed costs in the amount of $47.85. Doc. No. 52.

Meanwhile, Vale paid the full filing fee in this Court ($350.00), and the appellate filing fee ($455.00). Vale now asks that the Court refund the appellate filing fee pursuant to Fed. R. App. P. 39(e).

Rule 39(a) provides that if a judgment[1] is reversed on appeal, costs are taxed against the appellee. Rule 39(b) provides that costs against the United States or any of its agencies may be

---

[1] No judgment has been entered in this case, but the case was dismissed without prejudice.

assessed under Rule 39(a) only if authorized by law. In this case, the United States has made only a limited appearance to challenge jurisdiction. Therefore, it has not responded to the motions, and need not do so until it is served.

The issue of whether taxation of the appellate filing fee against the IRS is authorized by law is one on which the IRS should be given an opportunity to be heard. Accordingly, the present motions may be refiled after service of process is perfected and the IRS enters an appearance in this case.

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties