**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWARD J. VALE,**

            **Plaintiff,**

**-vs-**                                                    **Case No. 6:06-cv-616-Orl-22KRS**

**UNITED STATES OF AMERICA,**

            **Defendant.**

## ORDER

This cause comes before the Court for consideration of the United States' Motion to Dismiss Complaint (Renewed) (Doc. No. 66), filed on December 31, 2008 and Pro Se Plaintiff Edward J. Vale's ("Vale") Renewed Motion for Costs and Interest on Appeal (Doc. No. 68), filed on January 12, 2009. Magistrate Judge Karla R. Spaulding issued a Report and Recommendation on Vale's Motion to Renew Motion for Costs and Interest On Appeal on June 4, 2009 (the "June 4th R&R") (Doc. No. 73) and on the United States' Renewed Motion to Dismiss on June 30, 2009 (the "June 30th R&R") (Doc. No. 76). The United States filed a limited objection to the June 30th R&R (Doc. No. 77) on July 13, 2009. Vale filed an objection to the June 30th R&R on September 18, 2009 (Doc. No. 84).

On September 14, 2009, Vale filed a motion requesting a 30-day extension of time to respond to the June 30th R&R. (Doc. No. 83.) However, on September 18, 2009, Vale filed his objections to the June 30th R&R. (Doc. No. 84.) Accordingly, Vale's motion to extend time will be denied as moot.

On June 24, 2009, Vale filed a notice of his objections to the June 4th R&R. (Doc. No. 75.) Vale requested an extension of time to file further objections to the June 4th R&R. The Court granted that request and gave him until September 11, 2009 to file his objections but as of the date of this Court's Order, Vale has failed to file any further objections to the June 4th R&R. Thus, the Court will rule on the June 4th R&R.

## I. THE JUNE 30TH R&R

### A. Background

Judge Spaulding summarized the relevant background of this case as follows:

> During 1999, Vale's employer withheld $744.00 and paid it to the [Internal Revenue Service ("IRS")]. Vale alleges that from August 8, 1999, through February 2000, he was incarcerated. Tax return forms were not provided by the jail, and he did not receive a tax return form from the IRS. He was not able to file his 1999 federal income tax return until he was returned to the custody of the Florida Department of Corrections.
>
> Thereafter, Vale made a written request to the IRS for refund of the $744.00 on December 12, 2003, by filing his income tax return for calendar year 1999 on that date. The IRS denied Vale's claim for refund on April 23, 2004, because Vale "filed [his] original tax return late, more than 3 years after the due date." The IRS's letter advised Vale of his right to appeal, but warned that "[t]he Appeals Office can't change the amount of time the law allows you to file a claim for refund or credit," even for reasonable cause. The letter also advised Vale of his right to file suit in this Court "within 2 years from the mailing date of this letter."
>
> Vale appealed this decision to the IRS Office of Appeals alleging that his incarceration prevented him from timely filing his tax return. On September 10, 2004, the IRS Office of Appeals mailed a letter to Vale denying his appeal. The letter specifically advised Vale that the two-year period for filing a complaint in this Court had not been "shortened or extended by [the IRS's] reconsideration of [his] claim." The IRS moved the $744.00 overpayment to the excess collection department on October 8, 2004, but entered the "charge-off" date as April 15, 2000, the date the IRS deemed Vale had originally made his payment. *See* 26 U.S.C. § 6513(b)(1).

> Vale mailed a letter to the Jacksonville Division of this Court dated June 10, 2005, which the Court received on June 15, 2005. In the letter, Vale questioned whether the proper court in which to pursue his case was this Court or the tax court. He wrote, "I am hereby giving notice to the Clerk that I intend to pursue this case judicially. I have notified the Internal Revenue Service of my intent." There is no record in CM/ECF regarding the Court's disposition of Vale's letter.
>
> Vale signed the complaint in the present case on April 30, 2006, delivered it to his prisoner mail system for mailing on May 4, 2006, and it was filed in this Court on May 8, 2006.

(Doc. No. 76 pp. 3-4) (internal citations omitted).

Vale filed his complaint on May 8, 2006, seeking a refund of income taxes for the tax year 1999. (Doc. No. 1.) On December 31, 2008, the United States filed its renewed motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 66.) Specifically, the United States argues that Vale's tax refund claim "was filed beyond the relevant three-year statute of limitations" set forth in 26 U.S.C. § 6511(b)(2).[1] (Doc. No. 66 p. 2.) Further, the United States asserts that the instant suit is barred by the statute of limitations for tax refund suits, 26 U.S.C. § 6532(a), having been commenced more than two years after April 23, 2004, the date on which the IRS mailed Vale the notice of disallowance on his tax refund claim. Finally, the United States argues that the statutory time limits may not be extended for equitable reasons.

## B. Analysis

In her June 30th R&R, Judge Spaulding recommended that this Court find that Vale timely filed his administrative claim. However, Judge Spaulding also recommended that this Court find

---

[1] Section 6511(b)(2)(A) provides that where a claim is filed within three years of the filing of a return, the amount that can be recovered is limited to the amounts paid during a "lookback" period of three years immediately preceeding the filing of the claim.

-3-

that Vale is not entitled to a refund since he did not pay any income tax within three years before he filed his tax return. *See* 26 U.S.C. § 6511(b)(2)(A). Finally, Judge Spaulding recommended that this Court find that it lacks subject matter jurisdiction to consider Vale's Complaint as it was filed more than two years after the date of the IRS's April 23, 2004 letter denying Vale's appeal. The United States does not object to any of the aforementioned recommendations. However, Judge Spaulding raised in the alternative the possibility that the statute of limitations for filing the instant suit may be equitably tolled based on certain evidence Vale presented regarding his communication with the IRS before he filed his tax return on December 13, 2003.[2] Accordingly, Judge Spaulding recommended that "should the Court conclude that equitable tolling might apply to extend the time for filing the civil suit, it would be appropriate to deny the motion to dismiss without prejudice subject to reconsideration upon full presentation of the facts at an evidentiary hearing or in a motion for summary judgment." (Doc. No. 76 p. 8.) The United States objects to Judge Spaulding's alternative finding regarding the possibility that equitable tolling may apply to extend the time Vale had for filing his civil suit.

In its Limited Objections to the June 30th R&R, the United States argues that the statute of limitations may not be equitably tolled under the circumstances of this case. Specifically, the United States contends that this case does not involve the type of circumstances which have been recognized by the Supreme Court as proper grounds for equitable tolling. (*See* Doc. No. 77 p. 2 (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990)).) Further, the United states argues

---

[2] Specifically, Vale submitted a copy of a handwritten note from a representative of the IRS that reads as follows: "Be sure to sign this claim and return it to us for processing before 4-15-2004." Vale also presented evidence that he filed a document with this Court within the relevant statute of limitations.

that even if the Court were to allow the statute of limitations to be equitably tolled, 26 U.S.C. § 6511(b)(2) prohibits Vale's requested relief as his administrative claim for refund was filed more than three years after the $744.00 he seeks to be refunded was paid.

In his objections to the June 30th R&R, Vale argues that the United States' motion to dismiss should be denied. Specifically, Vale argues that equitable tolling and estoppel principles apply to his claims against the IRS. (*See* Doc. No. 84.) It appears that Vale claims that he has been "induced or tricked" by the IRS' misconduct into allowing the filing deadline to pass. (*Id.* at 3 (citing *Irwin*, 498 U.S. at 458).) Further, Vale argues that he has exercised due diligence in preserving his legal rights. (*Id.*) Vale objects to the magistrate judge's recitation of the background of the case, claiming that "in April 2000, $744.00 was already paid." (*Id.* at 2.) Vale also claims that "as a matter of [IRS'] records [he has] paid taxes every year since (Approx) 1978." (*Id.* at 4).

Title 26 § 6532(a)(1) clearly states that a plaintiff must file suit within two years after the certified or registered mailing by the IRS of a notice of disallowance. It is undisputed that, by certified mail, the IRS sent Vale a notice of disallowance of his claim for refund on April 23, 2004. Vale's Complaint was filed on May 8, 2006, more than two years after the notice of disallowance was mailed. Accordingly, as Judge Spaulding correctly noted, Vale's suit is barred by the two-year statute of limitations in § 6532(a)(1). Vale's failure to file a timely claim pursuant to § 6532(a) deprives this Court of subject matter jurisdiction over Vale's Complaint.[3] *See RHI*

---

[3] A taxpayer must meet the requirements of 26 U.S.C. § 6532 before a federal court may assert jurisdiction over the taxpayer's claim. Section 6532(a)(1) states: "No suit or proceeding under section 7422(a) . . . shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance" of the claim.

-5-

*Holdings, Inc. v. United States*, 142 F.3d 1459, 1461-63 (Fed. Cir. 1998) (holding that a taxpayer's failure to file a timely claim pursuant to § 6532(a) deprives the court of subject matter jurisdiction); *Bartley v. United States*, 123 F.3d 466, 471-72 (7th Cir. 1997) (stating that unless the taxpayer files a timely claim under § 6532(a), "a court lacks subject matter jurisdiction over a suit for refund"). Moreover, the Court agrees with the numerous federal courts that have concluded that § 6532(a) cannot be equitably tolled or estopped. *See Brewer v. United States*, 390 F. Supp. 2d 1378, 1381 (S.D. Ga. 2005) (numerous cases cited therein). The facts Vale has cited are ultimately immaterial to the Court's final determination that it lacks subject matter jurisdiction over Vale's suit. After reviewing the file *de novo*, the Court will approve and adopt Judge Spaulding's June 30th R&R.[4]

## II. THE JUNE 4TH R&R

After reviewing the June 4th R&R *de novo*, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge. Specifically, the Court agrees with Judge Spaulding's conclusion that Vale is not entitled to recover costs against the United States under Rule 39 since he filed his appeal *in forma pauperis*. (*See* Doc. No. 43); 28 U.S.C. § 1915(f)(1).[5]

---

[4] Having concluded that the Court lacks subject matter jurisdiction over Vale's complaint, the Court will not consider the United States' alternative argument regarding 26 U.S.C. § 6511(b)(2).

[5] Section 1915(f)(1) provides that:

> Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but *the United States shall not be liable for any of the costs thus incurred.* If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

28 U.S.C. § 1915 (emphasis added).

**III. CONCLUSION**

Based on the foregoing, it is ORDERED as follows:

1. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. No. 76), entered on June 30, 2009, is APPROVED and ADOPTED insofar as it recommends dismissal on untimeliness grounds.

2. The United States' Limited Objection to the June 30, 2009 Report and Recommendation (Doc. No. 77), filed on July 13, 2009, is MOOT.

4. The United States' Motion to Dismiss Complaint (Renewed) (Doc. No. 66), filed on December 31, 2008, is GRANTED based on this Court's lack of subject matter jurisdiction.

5. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. No. 73), entered on June 4, 2009, is APPROVED and ADOPTED.

6. Pro Se Plaintiff Edward J. Vale's Motion to Renew Motion for Costs and Interest On Appeal (Doc. No. 68), filed on January 12, 2009, is DENIED.

7. Pro Se Plaintiff Edward J. Vale's Motion to Extend Time (Doc. No. 83), filed on September 14, 2009, is DENIED AS MOOT.

8. Pro Se Plaintiff Edward J. Vale's Objection to the June 30, 2009 Report and Recommendation (Doc. No. 84), filed on September 18, 2009, is OVERRULED.

9. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on September 18, 2009.

/s/ Anne C. Conway
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party